# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2481

_____

United States of America,

*Plaintiff - Appellee,*

v.

John Joseph Sanford,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: February 12, 2020
Filed: February 27, 2020
[Unpublished]

_____

Before LOKEN, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

John Sanford appeals after he pled guilty to a firearm offense and the district court[1] imposed a prison term within the advisory sentencing guideline range. His

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), suggesting that the district court erred in overruling Sanford's objection to the calculation of his base offense level under U.S.S.G. § 2K2.1(a)(2), based on his two prior Iowa convictions; denying his request for a downward departure under U.S.S.G. § 5K2.13 (significantly diminished mental capacity); and denying his request for credit for time served.

We conclude that the district court properly calculated the base offense level because Sanford's prison records established that he was imprisoned on his Iowa convictions within 15 years of the instant offense. *See* U.S.S.G. § 2K2.1(a)(2) & comment. (n.10), 4A1.1(a) & comment. (n.1). We further conclude that the district court correctly determined that the Bureau of Prisons—not the district court—has discretion to credit Sanford for time he had served on related state charges, *see United States v. Wilson*, 503 U.S. 329 (1992), and that Sanford was not entitled to credit at sentencing for time he had served on an unrelated charge. We decline to review the district court's denial of Sanford's request for a downward departure, as the court considered the request and denied it because Sanford had failed to substantiate his claim of diminished capacity. *See United States v. Utlaut*, 497 F.3d 843, 845-46 (8th Cir. 2007).

Having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we have found no non-frivolous issues. The clerk's order of August 19, 2019, treated counsel's *Anders* brief as an implicit motion for leave to withdraw. Accordingly, we affirm and grant counsel leave to withdraw.

_____